**IN THE UNITED STATES DISTRICT COURT**
**FOR EASTERN DISTRICT OF PENNSYLVANIA**


EMEN CAPITAL LLC,

      Plaintiff,                                  Case No.: 2:26-cv-3040

v.

GREENHILL & CO. INC.,
And JOHN ANTEL,

      Defendants.

_____/

**COMPLAINT**

Plaintiff EMEN Capital LLC ("EMEN"), by and through undersigned counsel, brings this Complaint against Defendants Greenhill & Co. INC., and John Antel, (collectively, "Defendants"), and alleges as follows:

**<u>NATURE OF THE ACTION</u>**

1.　　This is an action for tortious interference with a prospective economic relationship arising from Defendants' intentional and self-interested misconduct that caused a Pennsylvania real estate transaction to fail.

**<u>THE PARTIES, JURISDICTION AND VENUE</u>**

2.　　This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.

3.　　Plaintiff EMEN Capital LLC is a limited liability company organized under the laws of Florida.

4. EMEN's members are residents of the state of Florida and EMEN is therefore a citizen of Florida.

5. Plaintiff EMEN Capital LLC is an investment and financing firm engaged in providing debt and equity capital for commercial real estate transactions.

6. Defendant Greenhill & Co., Inc. is a corporation organized under the laws of Delaware, with its principal place of business in New York, and is therefore a citizen of New York.

7. Defendant Greenhill is an investment banking and advisory firm that held itself out as a broker and transaction professional in connection with the Transaction (defined below).

8. Defendant John Antel is an individual domiciled in Texas and is therefore a citizen of Texas.

9. Defendant John Antel is a Managing Director and Registered Broker of Greenhill and, at all relevant times, acted on behalf of Greenhill, within the course and scope of his employment, authority, and agency.

10. At all relevant times, Antel acted as an agent, employee, and/or representative of Greenhill.

11. All actions taken by Antel relating to the Transaction were taken within the scope of his role as a Managing Director of Greenhill and in furtherance of Greenhill's business.

12. Antel's acts, omissions, knowledge, and intent are therefore properly imputed to Greenhill under principles of agency, respondeat superior, and vicarious liability.

13. Complete diversity exists between Plaintiff and Defendants.

14. This Court has personal jurisdiction over Defendants because Defendants purposefully directed activities toward Pennsylvania, including by acting as brokers and

transaction professionals in connection with a transaction involving Pennsylvania property and by engaging in conduct intended to cause, and which did cause, harm in Pennsylvania.

15.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to EMEN's claims occurred in this District and the Transaction concerned property located within this District.

16.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

17.    All conditions precedent to this action have been met, have occurred, been waived, satisfied and/or have otherwise been excused, would be futile, or would result in irreparable injury.

## FACTUAL ALLEGATIONS

18.    Biblical Inc. ("Biblical") is holding company specializing in real estate, energy, logistics, and technology investments.

19.    EMEN and Biblical maintained a longstanding and ongoing business relationship prior to the Transaction.

20.    EMEN was a known and trusted capital partner of Biblical.

21.    In 2025, EMEN provided two separate mortgage loan financings to Biblical's affiliate, Trainer Custom Chemical, LLC ("TCC"), in connection with its industrial land, which successfully closed on or about May 6, 2025 and August 26, 2025, respectively.

22.    In or about August and September 2025, Biblical pursued a transaction involving Biblical's acquisition of Monroe Energy located in Trainer, Pennsylvania (the "Transaction"), which is directly across the street from the property upon which EMEN has its loan to Biblical's affiliate, TCC.

3

23. Biblical engaged Defendant, Greenhill, acting through Antel, as its broker and fiduciary representative to structure, market, and submit a bid to the seller of the Transaction.

24. In undertaking this role, Greenhill and Antel owed fiduciary duties of loyalty, candor, and good faith to Biblical.

25. On or about August 8, 2025, EMEN agreed in principle to provide both debt and/or equity for the Transaction, which contemplated providing the required capitalization to complete the Transaction; this August commitment was estimated to be between fifty million and one-hundred million dollars.

26. After further conversations with Biblical's principal, Jeremy Hunter, regarding the Transaction and additional required capitalization, on or about September 3, 2025, EMEN issued an updated term sheet to Biblical agreeing to fund between one hundred million and one hundred fifty million dollars for the Transaction.

27. On or about September 7, 2025, and at the request of Biblical, EMEN provided Biblical with biographies on its leadership and execution capabilities.

28. EMEN's term sheet, biographies and execution summary, role and proposed economics were memorialized in a bid package, which Greenhill and Antel prepared, reviewed, and/or transmitted to the seller in or about September 2025.

29. Greenhill and Antel had constructive and/or actual knowledge of EMEN's prospective economic relationship with Biblical based on, inter alia: (a) inclusion of EMEN in bid materials; and (b) knowledge of EMEN's prior completed transaction with Biblical.

30. Despite this knowledge, Antel intentionally interfered with EMEN's prospective economic relationship by engaging in conduct detrimental to the Transaction, all within the scope

4

of his role at Greenhill including but not limited to attempting to divert the transaction to Greenhill and/or Antel for their own benefit.

31.    Greenhill is liable for Antel's conduct because it was undertaken within the course and scope of his employment and for Greenhill's benefit.

32.    Defendants' conduct was undertaken for self-interested purposes and outside the scope of any legitimate business privilege.

33.    But for Defendants' intentional interference, the Transaction would have proceeded to contract in furtherance of an anticipated closing.

34.    As a direct and proximate result of Defendants' misconduct, the Transaction failed shortly after Antil and/or Greenhill attempt to divert the transaction for themselves, and EMEN has suffered substantial damages.

**COUNT I – TORTIOUS INTERFERENCE WITH
PROSPECTIVE ECONOMIC RELATIONSHIP**

35.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

36.    EMEN had a reasonable probability of entering into a profitable economic relationship with Biblical.

37.    Defendants had actual knowledge of that relationship.

38.    Defendants, through Antel acting within the scope of his role at Greenhill, intentionally and improperly interfered with the relationship through wrongful means.

39.    Defendants' conduct was not justified or privileged under Pennsylvania law, including because Defendants owed fiduciary duties to Biblical and acted with self-interest and conscious disregard of EMEN's rights.

40.    EMEN suffered actual damages because of Defendants' interference.

41.    Defendants' conduct was intentional, malicious, and undertaken with evil motive or reckless indifference to EMEN's rights.

42.    Defendants' intentional conduct and actions was intended to undermine the Transaction for their own gain and to Biblical's and Emen's detriment,

43.    Defendants' intentional conduct and actions were concealed from Biblical and Emen.

44.    Antel knowingly abused a position of trust and confidence as a fiduciary to sabotage the Transaction for personal or institutional gain.

45.    Greenhill authorized, ratified, and/or benefitted from Antel's conduct, or failed to take reasonable steps to prevent it, rendering punitive damages appropriate as to Greenhill.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff EMEN Capital LLC respectfully requests that judgment be entered in its favor and against Defendants as follows:

(a) compensatory damages in an amount to be determined at trial;

(b) punitive damages;

(c) pre- and post-judgment interest;

(d) costs of suit; and

(e) such other relief as the Court deems just and proper.

**JURY DEMAND**

46.    Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Zachary A. Silverstein, Esquire
Zachary A. Silverstein, Esquire (316491)
**LUNDY, BELDECOS & MILBY, P.C.**
450 N. Narberth Ave, Suite 200
Narberth, PA 19072
Phone: 610-668-0019
Fax: 610-675-2779
zsilverstein@lbmlaw.com


Michael P. Dunn, Esquire *(pro hac vice forthcoming)*
**DUNN LAW, P.A.**
66 West Flagler Street, Suite 400
Miami, Florida 33130
Phone: 786-433-3866
Fax: 786-260-0269
michael.dunn@dunnlawpa.com

***Counsel for Emen Capital, LLC***

JS 44  (Rev. 04/21)  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Emen Capital LLC

**(b)** County of Residence of First Listed Plaintiff   Coral Gables, Fl
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Zachary A. Silverstein, Esquire - Lundy Beldecos & Milby, P.C. - 450 N. Narberth Ave, Ste 200, Narberth, Pa 19072 - 610-668-0019

**DEFENDANTS**

Greenhill & Co., Inc.

County of Residence of First Listed Defendant   New York, NY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*          Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability    ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander    Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability    Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability    **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | **LABOR** | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | Product Liability    ☒ 380 Other Personal | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 360 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | Injury    ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - Product Liability | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | Medical Malpractice | Leave Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information |
| ☐ 210 Land Condemnation | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | Act |
| ☐ 220 Foreclosure | ☐ 440 Other Civil Rights    **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 441 Voting    ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 442 Employment    ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 443 Housing/ Accommodations    ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment    ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | ☐ 446 Amer. w/Disabilities - Other    **Other:**    ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education    ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332
Brief description of cause:
Tortious Interference

**VII. REQUESTED IN COMPLAINT:**    ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.    DEMAND $ Greater than $150,000    CHECK YES only if demanded in complaint:    JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**    *(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    May 5, 2026

SIGNATURE OF ATTORNEY OF RECORD    /s/ Zachary A. Silverstein

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV. Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V. Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI. Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII. Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _Eastern District of Pennsylvania_____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☑ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☒ 8. All Other Diversity Cases: *(Please specify)*_____
   _Tortious Interference_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.